# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ASSURANCE COMPANY OF AMERICA, *et al.*,

           Plaintiffs,

vs.

NATIONAL FIRE & MARINE INSURANCE COMPANY,

           Defendants.

Case No. 2:09-cv-01182-JCM-PAL

**ORDER**

The court conducted a hearing at the parties' request on their Joint Motion for a Pretrial Motion Protocol (Dkt. #63) on November 16, 2010. William Reeves appeared on behalf of the Plaintiffs, and Deborah Stein and Elena Roberts appeared on behalf of the Defendant.

The Complaint (Dkt. #1) in this case was filed July 1, 2009, and involves an action for declaratory relief and monetary damages. The lawsuit involves an insurance coverage dispute that involved forty underlying claims. Plaintiffs did not, and do not, believe that any discovery is required to adjudicate the claims on their merits. Defendant filed an Emergency Motion to Stay and Motion to Dismiss (Dkt. #11) September 14, 2009. The district judge granted the Motion to Stay in an Order (Dkt. #158) entered September 22, 2009. Following the hearing conducted November 19, 2009, the district judge denied Defendant's Motion to Dismiss Complaint or in the Alternative, for More Definite Statement. His Order (Dkt. #25) also stayed summary judgment briefing until further order. A Scheduling Order (Dkt. #29) was entered December 30, 2009, which established a discovery cutoff and deadlines for filing dispositive motions and a joint pretrial order. The parties have engaged in further motion practice, stipulated to extend the discovery cutoff, and Defendant has now completed three depositions. The deadline to complete the remaining two depositions Defendant intends to take has been extended to January 28, 2011.

1    In the joint memorandum concerning a pretrial motion protocol, the parties agree that pretrial motions are needed to resolve this case. Defendant proposed that the court establish a briefing schedule for three motions, with the briefing period completed at the end of April 2011, and that the court establish a June 2011 mediation deadline. Plaintiff opposed this proposal because it lacked structure to get this case resolved by trial or motion practice. During the hearing, counsel for Plaintiff indicated that, because the lawsuit involves forty underlying claims, forty dispositive motions would ordinarily need to be filed. However, counsel for both sides acknowledge that this would be an enormous drain on the parties and court's resources. The parties discussed selecting three of the claims for dispositive motion practice hoping that resolution of three motions "might resolve" the remaining claims. However, the parties have not come to an agreement or stipulated that the outcome of a representative sample of claims would dictate the resolution of the remaining claims. Rather, Defendant proposes "seeing what happens" on three of the dispositive motions, and then conducting a private mediation in an effort to resolve all of the underlying claims involved in this lawsuit.

The court rejects the Defendant's proposal finding it is not a realistic approach to a timely resolution of the parties' disputes, and will build in unreasonable and unnecessary additional delay. The parties must either stipulate to select a representative sample of the claims for dispositive motion practice which will resolve all of their disputes, or file motions on each individual claim. As counsel for both sides acknowledge that filing forty or more dispositive motions would be a waste of their own resources as well as the court's, they should be able to agree. If not, a definite time frame should be imposed to require a timely resolution of this case.

Accordingly,

**IT IS ORDERED**:

1. The parties shall complete the remaining two depositions within the January 28, 2011 extended discovery cutoff.
2. The parties shall have until January 28, 2011 to reach an agreement or an impasse concerning a stipulation on the number of dispositive motions that need to be filed to obtain ultimate resolution of this case.
3. The parties shall have until February 27, 2011 in which to file dispositive motions.

1     4.     The parties shall have thirty days from decision of dispositive motions in which to file a joint pretrial order with respect to any claims which survive the dispositive motions.

5. Pursuant to local practice, the district judge will refer this matter to the undersigned to conduct a settlement conference after the joint pretrial order is filed.

Dated this 19th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge