**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSURANCE CO. OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL FIRE & MARINE INS. CO.,<br><br>　　　　　Defendant. | 2:09-CV-1182 JCM (PAL) |

**ORDER**

Presently before the court is plaintiffs Assurance Company of America, Maryland Casualty Company, Northern Insurance Company of New York, Steadfast Insurance Company, Zurich American Insurance Company, and Zurich Specialities of London's motion for partial summary judgment number one. (Doc. #82). Defendant National Fire & Marine Insurance Company has responded (doc. #93), and plaintiffs have replied (doc. #97).

Also before the court is plaintiffs' motion for partial summary judgment number two. (Doc. #83). The defendant has objected to the motion (doc. #92) and responded to the motion (doc. #94). The plaintiffs have replied. (Doc. #98).

Also before the court is defendant's motion for partial summary judgment as to plaintiffs' sixth claim for relief. (Doc. #85). Plaintiffs have responded (doc. #91), and defendant has replied (doc. #103).

Also before the court is defendant's motion for partial summary judgment as to plaintiffs'

**James C. Mahan**
**U.S. District Judge**

1  thirty-ninth claim for relief. (Doc. #86). Plaintiffs have responded (doc. #91), and the defendant has
2  replied (doc. #103),
3      Finally before the court is defendant's motion for partial summary judgment as to plaintiffs'
4  forty-fifth claim for relief. (Doc. #87). Plaintiffs have responded (doc. #91), and the defendant has
5  replied. (Doc. #103).

## DISCUSSION

Plaintiff insurance companies filed the instant complaint for declaratory relief and monetary damages against defendant National Fire & Marine Insurance Company alleging that National Fire improperly denied the parties' mutual insureds a defense in several underlying Nevada state cases. Each claim herein is premised on the assumption that the defendant had an obligation to defend in one of the underlying actions, the denial of which caused plaintiffs to incur sums in excess of their equitable share of the defense fees and costs. From these facts, the parties have filed five motions for summary judgment, which are the subject of the instant order.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for authentication of evidence on a motion for summary judgement).

**I.    Plaintiffs' First Motion For Summary Judgment Against Defendant National Fire**

Plaintiff's first motion for summary judgment requests a declaration that defendant National Fire had a duty to defend in underlying the "Amber Ridge" action, which is the basis of plaintiffs' seventh claim for relief. The *Amber Ridge* litigation resulted from construction defects related to the Amber Ridge condos; the complaint in which implicated Johnson Electric, the parties' mutual insured. Johnson Electric requested that National Fire tender a defense, but National Fire responded with a nineteen-page declination letter, explaining that the case was not covered under the benefits

1  articulated in National Fire's policy.

2  One of the grounds for disclaiming coverage cited by National Fire in the declination letter
3  is an exclusion based on the existence of a consolidated wrap-up insurance program:

4  > [This policy] does not apply to . . . property damage arising out of either your ongoing operations or operations included within the "products completed operations
5  > hazard" at the location described in the schedule of this endorsement as a consolidated (wrap-up) insurance program has been provided. . . .
6

7  (Plaintiff's appendix, exhibit #20, NF0014000). The "endorsement" includes Westmark Homes,
8  the party for whom Johnson Electric performed the disputed work. The court does not find this to be an
9  "escape clause," which would be void as against public policy, but rather a bargained-for exclusion
10 where secondary insurance is already in place. This exclusion was mentioned in the declination letter
11 as a basis for denying coverage. (*See* plaintiff's appendix, exhibit #108 at NF005945) ("Policy
12 72LPS000632 contains an Exclusion-Consolidated (Wrap UP) Insurance Programs Endorsement,
13 Form M-5222 (01/2006). . . .").

14 The court finds that a genuine dispute of material fact exists regarding whether this exclusion
15 applies to bar coverage. The dispute concerns the application of the wrap-up exclusion, and whether
16 the occurrence/damage at issue in *Amber Ridge* arouse out of either "ongoing operations" or
17 "operations included within the 'products completed operations hazard'" at the Westmark location,
18 such that the endorsement excludes coverage. Accordingly, the motion for summary judgment is
19 denied.

20 **II.   Plaintiffs' Second Motion For Summary Judgment Against National Fire**

21 In this motion, plaintiffs lump nearly half of the claims in the complaint together with only
22 four pages of explanatory factual background. As defendant notes, the plaintiffs are essentially
23 asking the court to distill four-thousand pages of evidence to conclude, as a matter of law, that
24 plaintiffs are entitled to prevail on this claim. Accordingly, the court declines to grant the motion at
25 this time, and it is denied without prejudice.

26 **III.  Defendant's Motion For Partial Summary Judgment On the Sixth Claim**

27 Plaintiff's sixth claim for relief seeks a declaration that the defendant had a duty to defend

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

in the *Allen* action, a construction defect lawsuit brought by homeowners in the Meadows at Elkhorn Springs development in Las Vegas, Nevada. Defendant National Fire had issued three policies in this case, with the first incepting on May 18, 2002, and the last ending on November 21, 2004. Each policy obligated the defendant to pay for damages due to bodily injury or property damage to which the insurance applied. Each policy is also modified by an endorsement that eliminates the defendant's duty to defend where the property damage commenced prior the first day of the policy period.

In March 2005, the insured tendered for defense and immunity the first amended complaint in *Allen*. The complaint alleged that the insured had been aware of the construction defects at the development for more than two years before National Fire issued its first policy:

> Plaintiffs have previously provided to [d]efendants herein an exhaustive preliminary list of defects according to the requirements of NRS 40.600, et seq., and [d]efendants are already aware of the nature of the said defects and have inspected and tested sister homes in the Meadows development which are subject to separate litigation involving [d]efendants and have been since 2000.

(Doc. #89-4).

Ascertaining whether a duty to defend exists is achieved by comparing the allegations in the complaint with the terms of the policy. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). Considering the language of the insurance policies and the allegations in the underlying complaint, there is no genuine issue of material fact that the alleged property damage in *Allen* began prior to the policy date if the defendants were "already aware of the nature of the said defects . . . and have been since 2000" when the first National Fire policy incepted in 2002. Accordingly, the motion for summary judgment is granted.

**IV.     Defendant's Motion For Partial Summary Judgment On The Thirty-Ninth Claim**

Plaintiffs' thirty-ninth claim for relief seeks a declaration that the defendant had a duty to defend in the *Otto* action, a construction defect lawsuit brought by homeowners in a custom residence located in Henderson, Nevada. The policy issued by National Fire provided for a duty to defend the insured in a suit alleging bodily injury or property damage but also contained an endorsement excluding coverage of property damage "arising out of, resulting from, caused,

James C. Mahan
U.S. District Judge

- 4 -

1 aggravated or contributed to, directly or indirectly, by the subsidence, settling, sinking, slipping,
2 falling away, caving in, shifting, eroding, mud flow, rising, tilting, or any other movement of land
3 or earth." (Doc. #89-7).

4     On March 25, 2005, the homeowners filed suit against the parties' mutual insured alleging
5 that it was responsible for outside concrete flatwork, pool work, and landscape work which resulted
6 in "inadequate fill and/or soil . . . abnormal and severe settlement; improperly placed reinforced steel
7 in the concrete slab; . . . sloping to exterior ground surfaces; cracking . . . the flatwork around the
8 pool, the patio and the drain, the stem wall, the block walls, and/or perimeter walls . . . and/or
9 sloping of the pool." (Doc. #89-8).

10     Ascertaining whether a duty to defend exists is achieved by comparing the allegations in the
11 complaint with the terms of the policy. *United Nat'l Ins. Co.*, 99 P.3d at 1158. Considering the
12 language of the insurance policies and the allegations in the underlying complaint, there is no
13 genuine issue of material fact that the alleged property damage in *Otto* falls within the subsidence
14 exclusion of the National Fire policy. The court also finds that the exclusion was mentioned as a
15 reason for denying coverage in the declination letter issue to the insured. (*See* defendant's ex. 1 at
16 NF009427). Accordingly, defendant's motion for summary judgment is granted.

17 **V.    Defendant's Motion For Partial Summary Judgment On The Forty-Fifth Claim**

18     The forty-fifth claim for relief seeks a declaration that the defendant had a duty to defend in
19 the *Sage Creek* action, a construction defect lawsuit brought by the homeowners association in the
20 Sage Creek development in Las Vegas, Nevada. The case involved four consecutive commercial
21 general liability insurance policies issued by National Fire to the parties' mutual insured, Johnson
22 Electric. The first incepted on April 5, 2003, and the last ended on April 5, 2007. Each policy
23 obligated National Fire to pay for property damage, but also contained an endorsement excluding
24 coverage for damage that commenced prior to the inception date of the policy.

25     Ascertaining whether a duty to defend exists is achieved by comparing the allegations in the
26 complaint with the terms of the policy. *United Nat'l Ins. Co.*, 99 P.3d at 1158. Here, the first
27 amended complaint is dated September 6, 2001, two years before the first National Fire policy
28

James C. Mahan
U.S. District Judge

- 5 -

issued. Thus, the "commencement" exclusion operates to bar coverage here.

Plaintiffs cite *Gary G. Day Construction Company v. Clarendon America Insurance Company* for the proposition that for a class action, coverage decisions must be made on an individual, home-by-home basis. 459 F. Supp. 2d 1039, 1047 (D. Nev. 2006). The court agrees with plaintiffs' interpretation; however, the case does not operate to defeat defendant's motion for summary judgment. Here, in the 2001 complaint, plaintiffs purportedly filed on behalf of a class of persons "similarly situated" which consists of "201 homeowners in Sage Creek." (Doc. #89-14). Thus, although the class was not certified until 2004, plaintiffs collectively alleged damages which occurred before the inception of the National Fire policy. Accordingly, the motion for summary judgment is granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' first motion for summary judgment (doc. #82) be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that plaintiffs's second motion for summary judgment (doc. #83) be, and the same hereby is, DENIED without prejudice;

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the sixth claim (doc. #85) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the thirty-ninth claim (doc. #86) be, and the same hereby is, GRANTED;

IT IS FURTHER ORDERED that defendant's motion for summary judgment on the forty-fifth claim (doc. #87) be, and the same hereby is, GRANTED.

DATED July 28, 2011.

                                                                  UNITED STATES DISTRICT JUDGE