# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, *et al.*, | |
| Plaintiffs, | Case No. 2:09-cv-01182-JCM-PAL |
| vs. | **ORDER** |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, | (Exp. Mot. Pretrial Conf - Dkt. #115) |
| Defendant. | |

Before the court is Plaintiffs' Motion re: Scheduling a Pre-Trial Conference Pursuant to Local Rule 16-2 (Expedited Hearing Requested) (Dkt. #115), filed August 5, 2011. The court has considered the Motion, and Defendant's Response (Dkt. #116).

The Complaint (Dkt. #1) in this action was filed July 1, 2009, and involves an action for declaratory relief and monetary damages. The District Judge entered an Order (Dkt. #15) September 22, 2009, granting Defendant's Emergency Motion for a Stay of Discovery and Summary Judgment Briefing Due to Pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #11). The motion to dismiss was ultimately denied, and Defendant filed an Answer (Dkt. #27) December 17, 2009. A Discovery Plan and Scheduling Order (Dkt. #29) was entered December 30, 2009, which established a June 16, 2010 discovery cutoff, and other deadlines consistent with the requirements of LR 26-1(e). Defendant filed a Motion to Extend the Discovery Cutoff and Related Case Management Deadlines (Dkt. #30) which the court set for hearing April 27, 2010. The motion was granted and the parties were given a 90-day extension of the Discovery Plan and Scheduling Order deadlines. The parties applied for and received an additional extension of the discovery cutoff and related case management deadlines in an Order (Dkt. #58) entered August 23, 2010. The court conducted a scheduling conference November 16, 2010, to review the parties' Joint Memorandum Concerning

Pretrial Motion Protocol (Dkt. #63).  The court heard from counsel for both sides and directed the parties to meet and confer to schedule the two remaining depositions in this case on or before January 28, 2011, and gave the parties thirty days thereafter to file any dispositive motions indicating discovery would then be closed.  The parties applied for and received extensions of the deadline to file dispositive motions.

On July 28, 2011, the District Judge entered an order granting in part and denying in part various motions for partial summary judgment.  Pursuant to LR 26-1(e)(5) the Pretrial Order was due thirty days from decision of the dispositive motions.  In the current emergency motion, Plaintiffs seek a pretrial conference on an expedited basis "given the proximity of the pending deadline to submit a pretrial order."  Plaintiffs suggest that the court should require a phased approach to additional briefing of legal issues.  Specifically, Plaintiffs propose that Phase 1 would consist of briefing associated with the duty to defend.  Once completed, Phase 2 would address allocation as to those matters in which a duty to defend was held to exist.  Because of the court's order adjudicating dispositive motions, twenty-six underlying matters remain in this case and Plaintiffs assert that additional briefing would streamline adjudication of the balance of the claims remaining in this case.

Defendant filed a response (Dkt. #116) indicating they do not oppose participating in a pretrial conference, and so advised opposing counsel before this motion was filed.  However, Defendant does object to the motion to the extent it seeks entry of an order providing Plaintiffs with a "do over on summary judgment motion."  Defendant rejected Plaintiffs' proposal for an additional two-phase briefing schedule to adjudicate remaining issues as "fundamentally flawed."

Having reviewed and considered the matter, the court will deny Plaintiff's request to be relieved of the obligation to initiate preparation and file a Joint Pretrial Order as required by LR26-1(e)(5).  The parties requested and received multiple extensions of the discovery plan and scheduling order deadlines.  The deadline for filing dispositive motions has now run.  Plaintiff elected to file a single dispositive motion which has now been decided, and the case must now be set for trial on the claims surviving summary judgment.  The district judge will set the matter for trial once the Joint Pretrial Order is filed.  Plaintiff is not entitled to another two rounds of "phased briefing" after decision of its dispositive motion.  Accordingly,

**IT IS ORDERED** that the motion (Dkt. #115) is **DENIED** to the extent it requests relief from the obligation to initiate preparation of a Joint Pretrial Order. Plaintiff shall initiate preparation of the Joint Pretrial Order as required by LR 16-3, in the form required by LR 16-4 which shall be filed no later than August 28, 2011.

Dated this 12th day of August, 2011.

_____
Peggy A. Leen
United States Magistrate Judge