1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ASSURANCE CO. OF AMERICA, et al.,

          Plaintiffs,

v.

NATIONAL FIRE & MARINE INS. CO.,

          Defendant.

2:09-CV-1182 JCM (PAL)

**ORDER**

    Presently before the court is plaintiffs' motion to reconsider this court's July 29, 2011, order granting defendant's motions for partial summary judgment on plaintiffs' sixth, thirty-ninth, and forty-fifth causes of action.  (Doc. #117).  Defendant has responded (doc. #121), and plaintiff has replied (doc. #122).

**Facts and Procedural Background**

    The facts and procedural history of this case are well known to the litigants and only a short summary of necessary facts is required for present purposes.  Plaintiffs filed the instant complaint for declaratory relief and monetary damages against defendant alleging that defendant improperly denied the parties' mutual insureds a defense in several underlying Nevada state cases.  Each claim is premised on the assumption that the defendant had an obligation to defend in one of the underlying actions, the denial of which caused plaintiffs to incur sums in excess of their equitable share of the defense fees and costs.

**James C. Mahan**
**U.S. District Judge**

1    On June 23, 2010, after substantial briefing, this court heard oral arguments regarding five

2    motions for summary judgment.   Plaintiffs brought two motions for summary judgment and

3    defendant filed three motions for partial summary judgment.

4    Plaintiffs' first motion for summary judgment sought a declaration that defendant had a duty

5    to defend in the underlying "Amber Ridge" action.  Plaintiffs second motion for summary judgment

6    lumped nearly half of its claims together with four pages of explanatory background, seeking for the

7    court to distill four-thousand pages of evidence and conclude that, as a matter of law, plaintiffs were

8    entitled to prevail on this claim.  The court denied both motions.

9    Defendant moved for partial summary judgment on plaintiffs' sixth cause of action, on the

10   ground that no genuine issue of material fact existed regarding whether alleged property damage in

11   the underlying *Allen* matter began prior to the policy date.  Defendant also moved for partial

12   summary judgment on plaintiffs' thirty-ninth cause of action, asserting that there was no genuine

13   issue of material fact that the alleged property damage in the underlying *Otto* matter fell within the

14   subsidence exclusion of the insurance policy.   Lastly, defendant moved for partial summary

15   judgment on plaintiffs' forty-fifth cause of action, arguing that this claim was barred by the

16   "commencement" exclusion.   The court granted each of these motions.   This motion for

17   reconsideration follows.

18                                               **Discussion**

19   Motions for reconsideration "should not be granted, absent highly unusual circumstances."

20   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  These circumstances are

21   present where "the district court is presented with newly discovered evidence, committed clear error,

22   or if there is an intervening change in the controlling law."  *Id.*  Plaintiffs' motion fails to persuade

23   this court that any of these circumstances exist in the present case.

24   1.    *Sixth Cause of Action*

25   Plaintiffs argue that the court should reconsider its order granting partial summary judgment

26   on the sixth cause of action because it is improper to rely on allegations in the complaint as to when

27   damage commenced.  Rather, plaintiffs assert that *Gary G. Day Construction Co. v. Clarendon Am.*

28

James C. Mahan
U.S. District Judge

1   *Ins. Co.*, 459 F.Supp. 2d 1039 (D. Nev. 2006), requires a "home by home" showing of damage.

2   　　　This is the same argument plaintiffs originally asserted in opposition to defendant's motion

3   for partial summary judgment.  As a result, there is no newly discovered evidence, intervening

4   change in authority, or clear error serving as a basis for this court to reconsider its order.

5   *2.      Thirty-Ninth Cause of Action*

6   　　　Plaintiffs request reconsideration of this court's grant of partial summary judgment in cause

7   of action thirty-nine on the basis of the Nevada Supreme Court's recent decision in *Powell v. Liberty*

8   *Mutual Fire Ins. Co.*, — Nev. —, 252 P.3d 668 (2011).

9   　　　This case, however, does not constitute an "intervening change in the controlling law."  *See*

10  *Kona*, 229 F.3d at 890.  Rather, *Powell* was decided six weeks *prior* to this court's June hearing on

11  the motions for summary judgment.  To the extent plaintiffs rest their arguments on *Powell*, they

12  should have brought the decision to the court's attention during motion practice or the hearing.  This

13  court cannot reconsider each of its decisions whenever a litigant learns of a case that it should have

14  relied on previously.  Such a practice undercuts the considerations of finality and conservation of

15  judicial resources that underlie the reconsideration analysis.  *See id.*

16  *3.      Forty-Fifth Cause of Action*

17  　　　In granting defendant's motion for partial summary judgment on the forty-fifth cause of

18  action, this court, in citing to the 2001 complaint brought on behalf of people "similarly situated,"

19  held, "[a]lthough the class was not certified until 2004, plaintiffs collectively alleged damages which

20  occurred before the inception of the National Fire policy."  Order p. 6.  Accordingly, the court

21  reasoned that defendant did not have a duty to defend against claims of damage that occurred prior

22  to the inception of the policy.

23  　　　Plaintiffs contend that this court should reconsider its order, positing that under the analysis

24  of *Gary G. Day*, a home-by-home analysis is required.  Plaintiffs also assert that claims cannot be

25  attributed to class members until after the class is certified.  Plaintiffs argument again rehashes the

26  same arguments originally made in opposition to defendant's motion and thus does not establish the

27  "unusual circumstances" enumerated in *Kona*.

28

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for

3    reconsideration (doc. #117) be, and the same hereby is, DENIED.

4        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs' request for oral

5    argument on the motion for reconsideration be, and the same hereby is, DENIED.

6        DATED October 6, 2011.

7

8    _____

     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -