UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCE CO. OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FIRE & MARINE INS. CO., <br><br> Defendant. | 2:09-CV-1182 JCM (PAL) |

### ORDER

Presently before the court is plaintiffs Assurance Company of America, et. al.'s motion to augment exhibit list. (Doc. #158). Defendant National Fire & Marine Insurance Company filed an opposition. (Doc. #159). Plaintiffs then filed a reply. (Doc. #161). Also before the court is defendant's motion for leave to file sur-reply (doc. #162), to which plaintiffs filed an opposition (doc. #163).

In the instant motion to augment exhibit list, plaintiffs seek to add 52 new trial exhibits. (Doc. #158). Plaintiffs assert that the failure to produce these exhibits was an inadvertent oversight. Once plaintiffs' counsel became aware of this failure, they obtained the documents and produced them forthwith.

Defendant opposes this motion, arguing that: (1) plaintiffs failed to comply with their discovery obligations to produce these documents and (2) at this late date, plaintiffs cannot meet the necessary burden for amending the pre-trial order. (Doc. #159).

**James C. Mahan**
**U.S. District Judge**

1   Plaintiffs filed the instant action on July 1, 2009. (Doc. #1). The court signed the parties
2  stipulated discovery plan (doc. #29), and the discovery cut-off date was later extended to October
3  29, 2010 (doc. #58). The court signed the parties' joint pre-trial order on September 12, 2011. (Doc.
4  #125). Plaintiffs did not include the 52 exhibits at issue in this motion in the pre-trial order. (Doc.
5  #125). The parties were scheduled to go to trial on February 27, 2012. However, the court
6  continued the trial until June 4, 2012, after the parties filed a stipulation to continue the trial to allow
7  for settlement negotiations. (Doc. #157). Plaintiffs filed the instant motion on April 20, 2012.
8  (Doc. #158).

9   Pursuant to Local Rule 16-3(c)(8), the pre-trial order must include "[l]ists or schedules of all
10 exhibits that will be offered in evidence by the parties at the trial." Further, Local Rule 16(d) states
11 that "no exhibit shall be received . . . unless listed in the pretrial order. However, for good cause
12 shown, the court may allow an exception to this provision."

13   Here, the court finds that plaintiffs have not demonstrated good cause to augment the exhibit
14 list. The late date of plaintiff's motion – a year and a half after close of discovery, eight months after
15 the pre-trial order, two months after the case was originally scheduled to go to trial, and a little more
16 than one month before the trial date – demonstrates that augmenting the exhibit list would prejudice
17 defendant. Therefore, plaintiffs have not demonstrated good cause to augment the exhibit list.

18   Defendant's motion to for leave to file a sur-reply is moot in light of the court's ruling on the
19 underlying motion to augment exhibit list.

20   Accordingly,

21   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Assurance
22 Company of America, et. al.'s motion to augment exhibit list (doc. #158) be, and the same hereby
23 is, DENIED.
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS FURTHER ORDERED that defendant's motion for leave to file sur-reply (doc. #162)
2  be, and the same hereby is, DENIED as moot.
3  DATED May 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**