UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASSURANCE CO. OF AMERICA, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>NATIONAL FIRE & MARINE INS. CO.,<br><br>                    Defendant. | 2:09-CV-1182 JCM (PAL) |

**ORDER**

Presently before the court are the parties' various motions in limine filed in the matter, *Assurance Company of America et al. v. National Fire & Marine Ins. Co.* (case no. 2:09-cv-01182-JCM-PAL).

A.   <u>Plaintiffs' Motions In Limine</u>

   **1.   Plaintiffs' Motion in Limine No. 1 to Bar Witnesses from the Courtroom (Doc. #139)**

Plaintiffs have moved to bar witnesses from the proceedings pursuant to Federal Rules of Evidence 611 and 615. Defendant does not oppose the motion. Doc. #154. Good cause appearing, and in light of the non-opposition, plaintiffs' motion in limine is granted.

   **2.   Plaintiffs' Motion in Limine No. 2 to Bar Expert Opinions and Evidence (Doc. #140)**

Plaintiffs seek an order excluding expert opinions and evidence pursuant to Federal Rule of

**James C. Mahan**
**U.S. District Judge**

Civil Procedure 37(c)(1), arguing that neither party has made the required Rule 26 expert disclosures. Defendants agree that they have not designated any experts pursuant to Rule 26. Accordingly, no expert testimony shall be admitted at trial.

But to the extent plaintiff is actually seeking an order limiting the testimony of claims handlers regarding actions they took pursuant to expert opinions in the underlying matters, the motion is denied. The court reserves its ruling on whether such testimony is appropriate and admissible. The parties may object and make proffers as they see fit regarding the admissibility of such evidence during trial.

**3.     Plaintiffs' Motion in Limine No. 3 to Bar Opinion Evidence Regarding Interpretation Provisions (Doc. #141)**

Plaintiffs argue that as contracts, the interpretation of insurance polices is a question of law for determination by the court. Accordingly, plaintiffs seek an advance ruling barring testimony interpreting the insurance policies at issue. While defendant does not dispute plaintiffs' premise, it does argue that the court should deny the motion because plaintiffs have failed to identify any examples (from deposition transcripts or otherwise) of the sorts of opinions they seek to exclude. Doc. #154.

The court agrees with plaintiffs' legal interpretation of the rules governing contract interpretation. However, the court is concerned about delivering premature rulings on evidentiary issues that are not fully briefed for the court. Indeed, several of the in limine rulings plaintiffs have requested seem curious in this respect.

As a result, the court will withhold a decision on the present motion in limine. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (recognizing that, when confronted with a request to bar unspecified evidence, the "better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]"); *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (recognizing that courts are "almost always better situated during the actual trial to assess the value and utility of evidence"). Instead, the parties may object to testimony they believe improper opinion testimony pursuant to the Federal Rules of Evidence during the course

of trial.

### 4. Plaintiffs' Motion in Limine No. 4 to Bar Evidence Regarding the Unreasonableness of the Underlying Settlements (Doc. #142)

Plaintiffs request the court enter an order precluding defendant from introducing evidence – and the court assumes arguing – that the settlements in the underlying matters were unreasonable. Plaintiffs contend that if the court ultimately finds that defendant did have a duty to defend its insureds in the underlying suits, then as a non-participating co-insurer, defendant would be prohibited from challenging the reasonableness of defense costs and amounts paid in settlement. *See Safeco Ins. Co. v. Superior Court*, 140 Cal. App. 4th 874, 881 (Cal. App. Ct. 2006); *see also Sentinel Ins. Co. v. First Ins. Co.*, 76 Haw. 277, 296-297 (1994); *Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass. 747, 764-765 (1993); *Servidone Constr. Corp. v. Security Ins. Co.*, 64 N.Y.2d 419, 425 (N.Y. Ct. App. 1985).

Defendant requests the court deny the motion as moot. Defendant represents that it is not, nor has it, challenged the reasonableness of the underlying settlements. Defendant explains that while the plaintiffs must prove the amounts they allegedly paid in settlement of the underlying suits (for purposes of determining equitable contribution), the reasonableness of those amounts is not in question.

In light of defendant's representation, the court finds no prejudice in granting the motion.

### 5. Plaintiffs' Motion in Limine No. 5 to Bar Evidence Regarding the Unreasonableness of the Defense Costs in the Underlying Suits (Doc. #143)

Plaintiffs' fifth motion in limine follows the same argument and logic as the fourth. In essence, plaintiffs argue that defendant has no right to contest the reasonableness of the amounts plaintiffs paid to defend the insureds in the underlying matters. Defendant again contends that the matter is moot, as it does not challenge the reasonableness of the amounts.

Pursuant to the analysis and reasoning above, the court grants the motion.

. . .

. . .

**6.   Plaintiffs' Motion in Limine No. 6 to Exclude Evidence not Relevant to the Duty to Defend (Doc. #144)**

Citing *Turk v. TIG*, 616 F. Supp. 2d 1044 (D. Nev. 2009), plaintiffs seek an order limiting all evidence relating to defendant's decision not to defend the underlying suits to that information known by defendant at the time of its coverage determination. In so doing, plaintiffs request that defendant be precluded from introducing any evidence beyond defendant's own claim files when attempting to disprove its duty to defend.

Defendant opposes such a broad order, urging the court to deny the motion. Specifically, defendant contends that it should be able to rely on the evidence contained in plaintiffs' own claim files in attempting to support its rationale for denying coverage in the underlying suits. Defendant argues that plaintiffs took positions under their own policies that justify defendant's denial of coverage. As a result, defendant would like to rely on plaintiffs' claim files in proving its case.

The court finds that the instant motion requires the court to issue an order in a vacuum. While it may be true that defendant's decision not to defend must be based solely on information known at the time to defendant, and not on hindsight, the court cannot rule that other information is completely irrelevant. For example, the defendant could point to evidence in its claim file as support for why it chose to deny coverage for a particular claim. It could then introduce extrinsic evidence (that was unknown to defendant at the time its denial) to enhance the veracity, weight, or importance of the evidence contained in the claim file or to rebut plaintiffs' arguments that the court should discount the claim file evidence.

Given that the court has not seen the claim file evidence, or the extrinsic evidence plaintiffs seek to exclude, an order at this juncture is inappropriate. The court is unable to fully analyze the relevance and admissibility of evidence in a vacuum, divorced from the context and evidentiary flow of trial. *See Sperberg*, 519 F.2d at 712; *Wilkins*, 487 F. Supp. 2d at 1218–19. Accordingly, the motion is denied as premature.

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

**7.    Plaintiffs' Motion in Limine No. 7 to Bar Evidence Not Supported by Personal Knowledge of the Witness (Doc. #145)**

This motion is little less than a request that the court issue an order stating that it – similar to courts across the country – will enforce the personal knowledge requirement of Federal Rule of Evidence 602.

It is elementary that courts must enforce the Federal Rules of Evidence. It follows that witnesses may testify to a matter only if "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Plaintiffs have not sought a ruling precluding any specific testimony or witness. Rather, plaintiffs apparently seek an order that will circumscribe, *ex ante*, the testimony of certain claims adjusters.

This court will issue no such ruling. The testimony of the claims adjusters – like all evidence the parties seek to introduce – is subject to the foundation requirements of the evidentiary rules. Parties may object as they see fit on foundation, or any other, grounds during trial. The court will then issue its ruling. *See Sperberg*, 519 F.2d at 712; *Wilkins*, 487 F. Supp. 2d at 1218–19. The motion is denied.

**8.    Plaintiffs' Motion in Limine No. 8 to Bifurcate the Trial (Doc. #146)**

Plaintiffs seek to bifurcate the issue of liability from the damages portion of trial arguing that if the court finds no liability, there is no need to proceed to a damages phase. Plaintiffs argue that bifurcation is especially beneficial in the instant case because the liability phase is considerably shorter than the damages phase.

Given that the action is one for equitable contribution, the court agrees with defendants that liability and damages are intertwined. For example, plaintiffs must first show that they have paid more than their fair share in defending the underlying suits. *See Scottsdale Ins. Co. v. Century Sur. Co.*, 182 Cal. App. 4th 1023, 1036 (Cal. Ct. App. 2010). Only after making this showing, may plaintiffs seek contribution from defendant. *Id.* Accordingly, the liability phase necessitates exploration of evidence relevant to damages. As such, this court does not see a net benefit by

James C. Mahan
U.S. District Judge

- 5 -

bifurcating the trial in the manner proposed. Doing so requires that the court consider – at least to some degree – the same evidence in both phases. The motion is therefore denied.

Moreover, the parties have recently informed the court that they overestimated the length of this trial. While bifurcation may have been proper in trial lasting up to 19 days, the trial is now expected to last only two to three days. Accordingly, the court does not find that efficiency purposes mandates bifurcation of the proceedings.

B.    Defendant's Motions in Limine

    **1.    Defendant's Motion in Limine No. 1 to Exclude Documents Not Produced During Discovery (Doc. #138)**

Defendant argues that plaintiffs' exhibit list contains numerous exhibits that were not produced during the course of discovery. Doc. #138. Pursuant to Rule 37, defendant requests that the court exclude any such exhibits (or summaries thereof) that were not produced during discovery.[1] Plaintiffs contend that neither party possessed the relevant documents, but rather, that plaintiffs obtained the documents from the Clark County District Court website. Doc. #151.

The documents at issue are pleadings, orders on motions, and other court filings related to the underlying suits that form the basis for the instant insurance recovery dispute as well as financial documents such as an accounting of all sums incurred under the policies the plaintiffs issued and bills of defense costs related to defending the underlying matters.

The court finds it appropriate to deny the motion as to the public court filings from the underlying matters.[2] These documents are subject to judicial notice, as they are documents filed and orders entered on the public record. *See* Fed R. Evid. 201; *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (a court may take judicial notice of court records in another case); *Castillo-Perez v. INS*, 212 F.3d 518, 526 n. 11 (9th Cir. 2000) (same); *Spates-Moore v. Henderson*, 305 Fed.

---

[1] These include plaintiffs' Exhibits 129, 133, 134, 135, 163, 221, 240, 291, 292, and 296. Apparently, the inclusion of Exhibit 291 was made in error as no argument relating to that exhibit is made. Moreover, it appears that defendant has already stipulated to the admissibility of Exhibit 291. *See* doc. #125 at 59:5-7.

[2] These include plaintiffs' Exhibits 129, 133, 134, 135, and 163.

Appx. 449, n. 1 (9th Cir. 2008) (cited for persuasive value only). Moreover, it does not appear that these documents were in plaintiffs' possession. Instead, plaintiffs' counsel learned of these documents through the discovery process (the produced claim files referenced these documents and matters), and then accessed the Clark County District Court website to retrieve the documents. This court finds that because the documents were readily and equally available to all parties, there was no duty to disclose them during discovery. *See SEC v. Samuel H. Sloan & Co.*, 369 F. Supp 994, 995 (SDNY 1973) ("It is well established that discovery need not be required of documents of public record which are equally accessible to all parties.").

The court excludes plaintiffs' Exhibit 296. "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2). Parties that violate discovery orders risk having designated matters entered into evidence. *Id.*

Here, plaintiffs did not fully obey the magistrate judge's May 21, 2010, order compelling production of "insurance applications, loss runs and documents relating to claims at issue" by "June 8, 2010."[3] Doc. #47 at 4:13-16. Exhibit 296, as a loss run, falls within the ambit of this order. Nevertheless, plaintiffs failed to produce Exhibit 296. Plaintiffs seek to explain away the failure to comply as "inadvertence." Furthermore, they state that the underlying information that Exhibit 296 summarizes was timely disclosed to defendant. Plaintiffs' admission makes clear that Exhibit 296 is not vital. Rather, it is a summary of other information and exhibits within plaintiffs' control. Moreover, this court is not inclined to excuse a direct violation of a court order based on "inadvertence." Accordingly, Exhibit 296 is excluded.

The court further excludes Exhibit 221 as it is a summary of material that was produced on September 8, 2011. Discovery in this matter closed on October 29, 2010. Doc. #58. Therefore, some of the information contained in plaintiffs' Exhibit 221 was not timely produced and is excluded. *See Standard Oil Co. of Cal. v. Moore*, 251 F.2d 188, 223 (9th Cir. 1958) ("Since we have found such [documents] to be inadmissible, summaries based thereon should not be received at the

---

[3] The deadline was subsequently extended to June 29, 2010. *See* Doc. #51.

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  new trial."). Plaintiffs' Exhibits 240 and 292, however, are not excluded as they are summaries of
2  documents that were produced on August 16, 2010. Accordingly, the underlying documents were
3  timely produced and the summaries thereof are proper.

4       **2.**     **Defendant's Motion in Limine No. 2 to Exclude Plaintiffs' Summary Evidence**
5       **(Doc. #147)**

6       Defendant seeks to preclude admission into evidence the 54 summary exhibits identified on
7  plaintiffs' exhibit list. Defendant asserts that: (1) plaintiffs have not laid a proper foundation for the
8  documents underlying the summaries; (2) the underlying documents are not sufficiently voluminous
9  to merit presentation in summary form pursuant to Federal Rule of Evidence 1006; and (3) the
10 summaries are inaccurate or misleading. (Doc. #147).

11      Pursuant to Federal Rule of Evidence 1006, a "proponent may use a summary, chart, or
12 calculation to prove the content of voluminous writings . . . that cannot be conveniently examined
13 in court." The proponent must lay a proper foundation for the admission of the underlying evidence
14 before a summary can be admitted. *United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir. 1979).
15 The purpose of Rule 1006 is to allow the use of summaries when the volume of documents makes
16 their use impractical or impossible. *Id.*

17      Defendant's motion to exclude the summaries is premature. There is no requirement that a
18 proponent of summary evidence lay a foundation for the summaries prior to the trial. Here, plaintiffs
19 assert that they will be fully prepared to lay a proper foundation for the underlying evidence at trial.
20 Further, there is no minimum volume threshold for Rule 1006 summaries, and the court finds that
21 the summaries may aid the court in understanding the numerous underlying documents. *Johnson*,
22 594 F.2d at 1255. Finally, the court declines to exclude the summaries based on defendant's
23 assertion that the summaries are misleading. Any dispute about the impression created by the
24 appearance of the summaries goes to the weight, not the admissibility, of this evidence.
25 Accordingly, the court denies defendant's motion to exclude the summary exhibits.

26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

### 3. Defendant's Motion in Limine No. 3 to Limit Introduction of Certain Insurance Policies (Doc. #148)

Defendant's next motion seeks to prevent plaintiffs from introducing subsequent, "irrelevant" insurance policies. Defendant asserts that, in instances in which it issued multiple policies to the same insured, only the first policy issued by defendant is relevant to the instant trial. All of the policies include an endorsement which eliminates defendant's duty to defend or indemnify when the property damage commenced prior to the first day of the policy. Thus, defendant argues that once the first policy is implicated, subsequent policies cannot apply and are, therefore, irrelevant. (Doc. #148).

Defendant already stipulated into evidence the policies it now seeks to exclude in the instant motion. (Doc. #125). Further, the duty to defend is based on a comparison of the allegations of the complaint with provisions of the policies. *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004). Here, defendant's motion does not include any analysis of the timing of the actual damages. Therefore, based on the instant motion, it is impossible for the court to determine which policy is implicated by the timing of the actual damages. Thus, defendant has not demonstrated, as a matter of law, that the subsequent policies are "irrelevant." Accordingly, the court denies defendant's motion.

### 4. Defendant's Motion in Limine No. 4 to Exclude Secondary Evidence of Written Settlement Agreements (Doc. #149)

Defendant requests, pursuant to the best evidence rule, FRE 1002-1008, that the court enter an order barring plaintiff from admitting secondary evidence to prove the contents and substance of the underlying settlement agreements. Defendant contends that plaintiff has only produced the original agreement pertaining to nine of the underlying 25 suits. Defendant moves the court to forbid plaintiff from establishing the contents of the remaining 16 settlement agreements through secondary evidence.

Plaintiffs counter that the best evidence rule is inapplicable to the 16 agreements. First, plaintiffs posit that because the defendant has stipulated that it did not contribute to the settlements

James C. Mahan
U.S. District Judge

reached in the underlying cases, defendant has necessarily acknowledged the existence of settlement agreements in the underlying cases. Leaving aside plaintiffs' premise, the conclusion drawn misses the point. Defendant's motion does not seek to exclude evidence regarding the existence of the settlement agreement. Rather, defendant aims to limit plaintiffs' ability to prove the terms and conditions of said agreements by way of secondary evidence. Defendant does not contend that a settlement was not reached; rather it contends that only the settlement agreement can be used as proof of what the agreement contained.

      Second, plaintiffs argue that defendant has not proven that written agreements exist and if no written agreement exists, then the best evidence rule is inapplicable. Plaintiffs, however, bear the ultimate burden of proving that settlements were reached. In doing so, the issue of whether the settlement agreements were oral or written will surely arise. Accordingly, defendant's burden of proving the agreements were written is purely academic. In shouldering their burden, plaintiffs' own evidence will establish whether the underlying cases were settled by a writing or oral agreement. If the settlement agreements were written, then the best evidence rule applies. Plaintiffs have provided the court with no evidence, or argument, that these agreements were oral.

      Third, plaintiffs argue that, assuming written settlement agreements do exist, secondary evidence is admissible to prove the contents of the writing because plaintiffs do not have possession of the originals. Federal Rule of Evidence 1004 allows a court to admit secondary evidence to prove the content of a writing where:

    (a) all the originals are lost or destroyed, and not by the proponent acting in bad faith;
    (b) an original cannot be obtained by any available judicial process;
    (c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
    (d) the writing, recording, or photograph is not closely related to a controlling issue.

Plaintiffs equate not possessing the originals to "all the originals are lost or destroyed." There is no representation here that all originals of the 16 missing settlement agreements have been lost or

1  destroyed. Plaintiffs have not argued that their insureds lost or destroyed the settlement agreements
2  or that they are otherwise unavailable from any other sources. Accordingly, the court finds Rule
3  1004 inapplicable.

4        The only argument that merits any in-depth discussion by the court is plaintiffs' contention
5  that stipulated evidence proves that plaintiffs' paid the disputed sums based on their understanding
6  that a settlement had been reached.

7        Plaintiffs contend that existence of settlement agreements in the 16 disputed underlying cases
8  is easily confirmed by judicially noticing the dockets of the underlying cases. *See* Fed R. Evid. 201;
9  *Howard*, 381 F.3d at 876 n. 1 (a court may take judicial notice of court records in another case);
10 *Castillo-Perez*, 212 F.3d at 526 n. 11 (same); *Spates-Moor*, 305 Fed. Appx. at n. 1 (cited for
11 persuasive value only). Doing so, it is argued, will establish that the parties to the underlying cases
12 settled their disputes in good faith and as a result the litigation was dismissed.

13       Plaintiffs then argue that because they allege that defendant wrongfully failed to provide a
14 defense, the existence of a settlement creates a presumption that all sums incurred as a result of the
15 settlement agreement were reasonable under the circumstances. *See Peter Culley & Associates v.*
16 *Sup. Ct.*, 10 Cal. App. 4th 1484 (Cal. Ct. App. 1992) ("'[I]f an insurer wrongfully fails to provide
17 coverage or a defense, and the insured then settles the claim, the insured is given the benefit of an
18 evidentiary presumption. In a later action against the insurer for reimbursement based on a breach
19 of its contractual duty to defend the action, a reasonable settlement made by the insured to terminate
20 the underlying claim against him may be used as presumptive evidence of the insured's liability on
21 the underlying claim, and the amount of such liability.'"). Plaintiffs contend that because they enjoy
22 this presumption, the burden shifts to defendant to establish that the sums were not paid as part of
23 the settlement or were otherwise unreasonable.

24       In order to obtain the benefit of an evidentiary presumption, plaintiffs must show by a
25 preponderance of the evidence that (1) defendant breached the contract by denying coverage or
26 failing to defend in the underlying actions or (2) defendant refused to enter into a settlement of
27 covered claims and (3) plaintiffs subsequently entered into settlement agreements on behalf of the
28

**James C. Mahan**
**U.S. District Judge**

- 11 -

insureds in the underlying suits and (4) the settlement was reasonable.  *See Isaacson v. California Ins. Guarantee Assn.*, 44 Cal. 3d 775, 791; *see also, Xebec Development Partners Ltd. v. National Union Fire Ins. Co.*, 12 Cal. App. 4th 501 (Cal. Ct. App. 1993); *Peter Culley*, 10 Cal. App. 4th 1484; *Smith v. State Farm Mut. Auto. Ins. Co.*, 5 Cal. App. 4th 1104 (Cal. Ct. App. 1992)*; Lamb v. Belt Casualty Co.*, 172 Cal. App.2d 248 (Cal. Ct. App. 1935).

Even with such a presumption, however, plaintiffs have not proffered how they will show that the sums identified by the secondary evidence were the actual sums negotiated in the settlement agreements.  Even with the benefit of a presumption of reasonableness, the court must determine the actual amount that was paid in settlement to determine the amount of damages.  Thus plaintiffs must prove the contents of the 16 disputed settlement agreements to identify the sums incurred as a result of the settlement.

Pursuant to the best evidence rule, the settlement agreements themselves must be admitted to prove the contents of said agreements.  To the extent plaintiffs wish to prove the contents of the settlement agreements by way of secondary evidence, the motion is granted.

DATED June 1, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**