**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSURANCE CO. OF AMERICA, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>NATIONAL FIRE & MARINE INS. CO.,<br><br>           Defendant. | 2:09-CV-1182 JCM (PAL) |

**ORDER**

Presently before the court is defendant's motion for attorney's fees and costs. (Doc. # 217). Plaintiffs filed a response (doc. # 222), and defendant filed a reply (doc. # 225).

**I.  Background**

Plaintiffs filed this lawsuit against defendants attempting to consolidate 56 coverage litigations into one. The size and scope of the lawsuit was large from the onset. After some of plaintiffs' original claims survived the motion to dismiss and summary judgments stages, 26 underlying construction defect claims remained at issue for trial.

Trial was originally set for January 23, 2012. The court rescheduled the trial date to February 22, 2012, at the request of the defendant. On January 31, 2012, defendant served plaintiff with an offer of judgment in the amount of $375,000. At the time of the offer, plaintiffs were seeking approximately $1,576,560. Plaintiffs rejected the offer. On February 16, 2012, the parties stipulated to postpone the trial date to further participate in settlement negotiations and mediation.

**James C. Mahan**
**U.S. District Judge**

1   The negotiations and mediation proved unsuccessful and trial commenced in June 2012. At trial, plaintiffs called one witness who had no personal knowledge with respect to any of the remaining claims. Plaintiffs then requested this court to take judicial notice of evidence. The evidence was improper for judicial notice and the court denied the request. This court then granted defendant's motion for judgment pursuant to Federal Rule of Civil Procedure 52©.

Defendant now moves the court for attorneys' fees in the amount of $570,417.60 and certain costs not sought in the bill of costs in the amount of $21,391.01. Plaintiffs oppose.

## II.    Legal Standards

Federal Rule of Civil Procedure 54(d)(2)(B)(ii) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." "A party moving for attorney's fees must therefore assert an independent source of authority for an award." *Gallagher v. Crystal Bay Casino, LLC*, no. 3:08-cv-00055, 2012 WL 1409244, at *2 (D. Nev. April 20, 2012).

"In diversity cases, the determination of attorneys' fees involves an application of *Erie v. Tompkins*, 304 U.S. 64 (1938), to offer of judgment rules." *Kravitz, Schnitzer, Sloane & Johnson v. Asta Funding, Inc.*, no. 2:10-cv-486-JCM-PAL, 2011 WL 5190927, at *1 (D. Nev. Oct. 28, 2011). "Statutes allowing for recovery of attorney's fees are considered substantive for *Erie* purposes." *Walsh v. Kelly*, 203 F.R.D. 597, 598 (D. Nev. Sep. 17, 2001). "Federal Rule 68 is inapplicable in a case in which the defendant obtains judgment." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("It is clear that [Fed.R.Civ.P. 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.").

"Although Fed.R.Civ.P. 68 does not apply in this action, Fed.R.Civ.P. 54(d) allows the court, in its discretion, to awards costs to the prevailing party in a lawsuit." *Dietrich v. John Ascuaga's Nugget*, No. 3:04-cv-0468, 2007 WL 1101232, at *1 (D. Nev. April 10, 2007); *Walsh*, 203 F.R.D. at 599 ("*MRO* involved the situation where the *defendant* received a judgment in the case.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Therefore, Fed.R.Civ.P. 68 did not apply at all, because that rule governs when a *plaintiff* receives
2  a judgment that is less than the offer made by the defendant.  Because the federal rule was
3  inapplicable in *MRO*, the Ninth Circuit did not have a conflict applying Nev.R.Civ.P. 68, and
4  awarding attorney's fees.") (alterations in original).

5  "In an action where a district court is exercising its subject matter jurisdiction over a state
6  law claim, so long as state law does not run counter to a valid federal statute or rule of court, and
7  usually it will not, state law denying the right to attorney's fees or giving a right thereto, which
8  reflects a substantial policy of the state, should be followed." *MRO*, 197 F.3d at 1287. (quoting
9  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31); *Walsh*, 203 F.R.D. at 599
10 (D. Nev. 2001) ("[I]f the state rule awards attorney's fees for failure to accept offer of judgment, that
11 rule should control in a diversity case in the federal court.").

12 This court will then look to Nevada law.  "The Nevada Supreme Court has ruled that Nevada
13 Rule of Civil Procedure 68 encompasses a judgment against the offeree." *Id.* at 1281 (citing *Beattie*
14 *v. Thomas*, 668 P.2d 268 (Nev. 1983)).  Specifically, Nevada Rule 68(f)(2) states that "the offeree
15 shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer
16 to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually
17 incurred by the offeror from the time of the offeror."   NRS 117.115(4)(d) gives the court
18 discretionary power in awarding attorney's fees. *Id.* (using the permissive "may").

19 In *Beattie*, the Nevada Supreme Court discussed the circumstances in which an award of fees
20 pursuant to Nevada Rule of Civil Procedure 68 are appropriate.  In exercising its discretion regarding
21 the allowance of fees and costs under NRCP 68, the court "must carefully evaluate the following
22 factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable justified in amount."

*Beattie*, 668 P.2d at 274.

27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

**III.    Discussion**

Defendant argues that each of the *Beattie* factors weigh in its favor. For much of plaintiffs' response brief, they do not identify the correct legal standards. When plaintiffs do find the correct legal standard, they argue that the *Beattie* factors weigh against awarding attorney's fees. The court, after considering the motions, affidavits, and exhibits, will address the factors necessary to dispose of the motion. "Under *Beattie*, the district court need only 'consider' the four relevant factors." *MRO*, 197 F.3d at 1284 (quoting *Beattie*, 668 P.2d at 274.

   *A.    Claims Brought in Good Faith*

Plaintiffs originally brought over 50 claims in this lawsuit. Plaintiffs voluntarily dismissed some claims and this court granted summary judgment as to some claims. At trial, 26 claims remained.

The court finds that plaintiffs pursued the remaining claims in good faith. It was perhaps a misguided strategic decision to pursue so many claims in a single action. The numerous claims may have led to plaintiffs being underprepared to proceed properly at trial. However, plaintiffs' inability to secure admissibility of certain fundamental evidence and documents does not mean that the claims were not brought in good faith. Plaintiffs, incorrectly in hindsight, believed they had a good chance of success on the merits and pursued the claims in good faith.

   *B.    Whether the Rejection of the Offer and Proceed to Trial was Grossly Unreasonable
          or Bad Faith*

Grossly unreasonable or bad faith rises to a much higher level than poor judgment or incorrect tactical decisions. In hindsight, plaintiffs should have accepted the offer. However, plaintiffs' decision to reject the offer was not grossly unreasonable considering the amount sought by all the claims and plaintiffs' decision to participate in negotiations and mediation after rejecting the offer. This factor weighs in favor of plaintiffs.

The court likewise considers the two remaining factors (whether the offer was reasonable and in good faith in both timing and amounts and whether the attorney's fees sought are reasonable) and the court finds these factors are either neutral or weigh in favor of plaintiffs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for attorney's fees and costs (doc. # 217) be, and the same hereby, is DENIED.

DATED December 19, 2012.

_____
**UNITED STATES DISTRICT JUDGE**